UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MARK ELLER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-199 |
| § | |
| UNITED PROPERTY & CASUALTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

## ORDER DENYING ABATEMENT

Before the Court is Defendant United Property & Casualty Insurance Company's (UPC's) "Motion to Abate Proceedings to Complete Appraisal Process" (D.E. 7), along with Plaintiff Mark Eller's (Eller's) response (D.E. 8). For the reasons set out below, the Court DENIES the motion.

### FACTS

Eller owns property that was damaged in Hurricane Harvey on or about August 25, 2017. Defendant (UPC) issued the policy of insurance that covered the hurricane damage. By letter dated September 17, 2017, UPC provided Eller with its estimate of the covered loss. D.E. 8-1. Contending that the loss was far greater than the amount UPC set out, Eller made a pre-suit demand under Texas Insurance Code chapter 542A by letter of February 1, 2018.

On February 22, 2018, UPC made a demand for an appraisal, naming its appraiser and asking Eller to name his appraiser. D.E. 7-1. Eller did not respond with the naming of his appraiser until his letter of June 14, 2018. D.E. 7-2. On the same date, he filed this

1 / 3

action in the 36th Judicial District Court of San Patricio County, Texas, seeking contractual and extra-contractual damages under theories including breach of contract, violation of the prompt payment of claims statute, and for bad faith. D.E. 1-1, pp. 6-11. On July 12, 2018, UPC removed the case to this Court. D.E. 1.

## DISCUSSION

It is undisputed that the policy contains an appraisal condition that is intended to be satisfied prior to filing a legal action. Like any contractual terms, such appraisal provisions are generally enforceable, absent fraud, accident, or mistake. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894-95 (Tex. 2009). While it is anticipated that the appraisal will be completed prior to filing suit, nothing in UPC's motion supports a need for abatement while the appraisal process takes place. Neither is there any estimate of how much time is necessary or where the appraisers are in the process, which was triggered no later than June 14, 2018—nearly two months prior to the consideration of this motion.

Eller opposes abatement because it does not serve judicial efficiency, is discretionary, and was not pled as a condition precedent. He also argues that the amount of damage to the property is only one aspect of this case and he should be permitted to proceed with discovery on his extra-contractual, bad faith claims. D.E. 8.

The Court notes that, in a case upon which UPC relies, courts are to enforce appraisal clauses, but need not abate a case while the appraisal process proceeds. *In re Pub. Serv. Mut. Ins. Co.*, No. 03-13-00003-CV, 2013 WL 692441, at *7 (Tex. App.—Austin Feb. 21, 2013) (orig. proceeding) (mandamus denied); *see also, In re Allstate Cty.*

*Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002). More specifically, "this case need not be held hostage while the parties engage in the appraisal process." *Tran v. Am. Econ. Ins. Co.*, No. CIV.A. H-10-0016, 2010 WL 2680616, at *3 (S.D. Tex. July 2, 2010).

It has been nearly a year since the hurricane caused Eller's property damage. UPC has already received the benefit of a 60-day pre-suit notice period under chapter 542A of the Texas Insurance Code. Because UPC has cited no evidence that prejudice will result from allowing the case to proceed simultaneously with the completion of the appraisal process, the Court finds no compelling reason to abate this case.

## CONCLUSION

For the reasons set out above, the Court DENIES the motion to abate (D.E. 7).

ORDERED this 10th day of August, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE